Robert C. Huntley ISB#894
The HUNTLEY LAW FIRM PLLC
815 W. Washington Street
P.O. Box 2188
Boise, Idaho 83701
Telephone: 208-388-1230
Facsimile: 208-388-0234
rhuntley@huntleylaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES W. GIFFORD, III., <br><br> Plaintiff, <br><br> v. <br><br> M2 AUTOMATION AND CONTROL SERVICES, INC., an Idaho corporation, and NEAL TIMMERMAN and ERIN TIMMERMAN, husband and wife, <br><br> Defendants. | Case No. <br><br> **Complaint** <br> **And** <br> **Demand for Jury Trial** |

Plaintiff, as his claim alleges:

### Jurisdiction and Venue

1. Jurisdiction in this action is conferred on this Court by the Americans with Disabilities Act, 42 U.S.C. 12101 et. seq. (referred to herein as "ADA"), the 1991 Civil Rights Act amending 42 U.S.C. 2000, and by the provisions of 28 U.S.C. § 1337 relating to "Any civil action or proceeding arising under any act of congress regulating commerce." This Court additionally shares concurrent jurisdiction with the courts of the State of Idaho.

Complaint and Demand for Jury Trial - 1

2. Venue lies in this Court on the basis of the fact that both the Plaintiff and the Defendants reside in or have their principle place of business in Southwestern Idaho.

## Statement of the Facts

3. In July 2013, Plaintiff, James W. Gifford, III became employed with M2 Automation and Control Services, Inc. (herein after "M2"), as a commissioned marketing/sales representative, with a minimum base salary of $2,000 per month plus $480 for fuel, phone and internet expenses; health insurance and annual profit sharing.

4. M2 was engaged in the business of providing security systems to various governmental entities and private businesses.

5. The Defendants Neal Timmerman and Erin Timmerman, husband and wife, are the sole owners of the Defendant corporation and by virtue of their acts and omissions are jointly and severally liable for the Plaintiff's damages asserted herein.

6. During the months which followed Plaintiff was very successful in marketing the products of M2 both within and without the state of Idaho, some of which projects ranged from $25,000 to $90,000. The commissions were contracted to be 10 percent of the gross of the entire project being marketed.

7. Never were there complaints about Plaintiff's performance.

8. In May 2014, Plaintiff was called into the M2 office to fill out forms relative to application for medical insurance. In the course of that application the Defendants became aware of a medical condition which was perceived by M2 to be disabling, with the result that Plaintiff was terminated from his employment in June 2014.

9. During the course of Plaintiff's employment, M2 was almost continuously tardy in

making payments due to Plaintiffs for projects contracted and continuously failed and refused to provide Plaintiff with documentation upon which Plaintiff could make an informed decision as to the amount of the commission due.

10. At the time of Plaintiffs' termination there were projects in the final stages of receiving executed contracts of considerable value for which Plaintiff has never been compensated.

11. In some cases the documentation of commissions due was either unintelligible or unreadable.

12. Although M2 may have had a secondary motive to deprive Plaintiff of commissions, the fact is that Plaintiff was one of M2's most successful or perhaps the most successful sales/marketing representatives and the primary, and likely sole, reason for his termination was the perception that his disability would disqualify him from further employment with M2. His disability did not affect or interfere with his performance of his job duties, but was perceived as such by the employer.

## FIRST CAUSE OF ACTION

**Americans With Disabilities Act, 42 U.S.C. 12101 et. seq. (referred to herein as "ADA"), the 1991 Civil Rights Act amending 42 U.S.C. 2000, and by the provisions of 28 U.S.C. § 1337 relating to "Any civil action or proceeding arising under any act of congress regulating commerce."**

13. The acts and omissions herein above stated constitute violations of both the Americans With Disabilities Act and the 1991 Civil Rights Act under which Plaintiff is entitled to receive compensation and damages as follows:

(a) Loss of wages, salary or commissions in the sum of $191,682 per year for

Complaint and Demand for Jury Trial - 3

      a period of not less than five (5) years for a total of $958,410.

  (b)    Emotional distress and general damages in an amount to be determined at trial.

  (c)    For reasonable attorney fees and costs and such other and further relief as may be meet and equitable in the premises.

## SECOND CAUSE OF ACTION

### Breach of Contract of Employment

14. The acts and omissions hereinabove described constitute a breach of Plaintiff's contract of employment. Plaintiff was hired for full time employment with the Defendants in July 2013 under a base salary of $25,000 per year, plus benefits and an expense account. Additionally, his remuneration consisted of a commission on sales at 10% thereof payable in "two halves," that is per month and per quarter. Under that arrangement Plaintiff's income would be approximately $191,682 per year.

15. Between the time of Plaintiff's hiring and the time of his illegal termination, Defendants failed and refused to provide timely and complete and comprehensible statements of commissions earned and have failed and refused to do so to this date. Plaintiff had been successful and very productive in his sales work and Defendants should be required to account and make payment for his commissions earned in an amount that will be determined at trial.

WHEREFORE, Plaintiff prays judgment as follows:

On the First Cause of Action:

1. For loss of earnings for a period of five years at $191,682 per year or a total of $958,410.

Complaint and Demand for Jury Trial - 4

2. For general and emotional damages in an amount to be determined at trial, but not less than $50,000;

3. For his costs, attorney fees, and such other and further relief as may be meet and equitable in the premises.

On the Second Cause of Action:

1. For past due and unpaid salary, commissions, benefits and expenses in an amount which will be determined at trial.

2. For his costs and such other and further relief as may be meet and equitable in the premises.

Plaintiff hereby demands a trial by jury.

DATED this 17th day of November, 2014.

                The HUNTLEY LAW FIRM PLLC

                /s/ Robert C. Huntley
                Robert C. Huntley